# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

TERRIE LEWARK, assignee of PUBLIC
STORAGE, INC.

           Appellant,

        v.

DAVIS DOOR SERVICES, INC., a
Washington corporation,

           Defendant,

AMERICAN STATES INSURANCE
COMPANY, a foreigner insurer,

           Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 68634-8-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: August 5, 2013

APPELWICK, J. — Lewark, as assignee of Public Storage, sued American States claiming coverage as an additional insured under an umbrella liability policy it issued to Davis Door. She claimed breach of contract for failure to defend and indemnify and asserted a variety of extra-contractual claims based on American States' alleged failure to notify Public Storage of coverage. The trial court dismissed her claims on summary judgment. The insurance policy did not provide coverage for the underlying claim. We affirm.

## FACTS

Public Storage Inc. contracted with Davis Door Service Inc. to perform work at its facilities. They signed a master agreement in 2003, and again in 2006. The 2006 master agreement included a provision that required Davis Door to maintain a

commercial general liability policy that insured Public Storage while it was performing work:

> Contractor shall procure and maintain at its own expense during the entire progress of the Work, the following insurance coverage from an insurance company satisfactory to Owner:
>
> > a. Employer's liability insurance of not less than $1,000,000, and commercial general liability insurance insuring against claims for personal injury, death or property damage occurring upon, in or about the Property in limits not less than $1,000,000 per occurrence. Prior to the start of any work a certificate must be received by owner naming Public Storage, Inc. and each of its affiliates, subsidiaries, partners, owners, officers, directors and employees as additional insureds.

As required by the agreement, Davis Door took out a commercial general liability policy and an employer's liability policy with American Economy. It also took out an umbrella liability policy with American States. The umbrella liability policy provided that insured persons or entities include:

> Any person or organization for which an insured is required by virtue of a written contract entered into prior to an "occurrence" to provide the kind of insurance that is afforded by this policy, but only with respect to operations by or on an insured's behalf, or to facilities an insured owns or uses, and only to the extent of the limits of insurance required by such contract, but not to exceed the applicable limits of insurance set forth in this policy.

In October 2006, Davis Door performed repair work on a door at a Public Storage facility in Renton. Then, in December 2006, Terrie Lewark attempted to open the door and injured her back. She sued Public Storage and Davis Door. Public Storage settled with Lewark for $299,000. It also paid $150,028 in defense costs, and assigned to Lewark its rights under the 2006 master agreement. Lewark settled with Davis Door in September 2010 for $225,000. Then, Lewark sued Davis Door and American States as

2

assignee of Public Storage. Because she acted as assignee of Public Storage, we refer to her as simply Public Storage.

Public Storage alleged breach of contract for failing to defend and indemnify. It also pursued extra-contractual claims for negligence, bad faith, and violation of the Consumer Protection Act, ch. 19.86 RCW and the Insurance Fair Conduct Act, ch. 48.30 RCW. Those claims arose with respect to the umbrella liability policy. Public Storage alleged that it was an additional insured under the umbrella liability policy, that American States failed to defend or indemnify, and that American States acted in bad faith by failing to inform Public Storage of available coverage and benefits. The parties filed competing motions for summary judgment. The trial court dismissed all claims. It found that "Public Storage is not an additional insured under the American States Insurance Company umbrella policy issued to Davis Door."

## DISCUSSION

Public Storage argues that it is an additional insured, that the umbrella insurance policy covered the loss in this case, and that American States violated its duty of good faith by failing to notify Public Storage of its policy benefits. It also claims that the trial court abused its discretion by denying Public Storage's motion to compel discovery of documents that American States alleges are protected by the work product doctrine and attorney-client privilege. American States argues that Public Storage is not an additional insured, that the policy was not triggered in this case, that it had no duty to notify Public Storage of potential benefits, and that the trial court correctly denied the motion to compel.

We review an order granting summary judgment de novo. Weden v. San Juan County, 135 Wn.2d 678, 689, 958 P.2d 273 (1998). We may affirm the order on any grounds supported by the record. Allstot v. Edwards, 116 Wn. App. 424, 430, 65 P.3d 696 (2003).

Even if Public Storage is an additional insured, the umbrella insurance policy does not cover the loss in this case. In an "other insurance" provision, the umbrella policy explicitly stated that it only applies as excess over other insurance:

1. This insurance is excess over, and shall not contribute with any other insurance, whether primary, excess, contingent or on any other basis. This condition will not apply to insurance written specifically as excess over this policy.

2. When this insurance is excess, we will have no duty to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to your rights against all other insurers, and you shall execute and deliver instruments and papers, including assignments of rights, and do whatever else is necessary to secure such rights.

3. When this insurance is excess over other insurance, we will pay our share of the "ultimate net loss" that exceeds the sum of:

   a. The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

   b. The total of all deductible and self-insured amounts under all such other insurance.

Public Storage in fact carried its own insurance policy with a $1,500,000 per occurrence limit. That policy contained a $500,000 self-insured retention, such that the insurer would only make payments for damages that exceeded $500,000. There is no suggestion that the underlying claim in this case reached that threshold.

4

Public Storage argues that, despite the fact that its insurance was not exhausted, the umbrella coverage applies, because the self-insured retention is not "insurance." It claims that section 1 of the "other insurance" provision determines whether the umbrella policy applies. Only then, it argues, does subsection 3 and its explicit reference to self-insured retentions kick in. That interpretation is untenable.

Public Storage's argument is based on the premise that self-insurance provisions are not insurance, because "traditional insurance involves risk shifting, while self-insurance involves risk retention." Bordeaux, Inc. v. Am. Safety Ins. Co., 145 Wn. App. 687, 696, 186 P.3d 1188 (2008). It thus claims that its self-insured retention is not insurance and does not need to be exhausted before the umbrella policy kicks in. But, Bordeaux is a subrogation case that examined whether an insured is entitled to reimbursement for paying out its self-insured retention before its insurer is entitled to reimbursement. Id. at 694. We rejected the insurer's argument that the self-insurance was primary insurance and that the insurer only paid an excess amount over that primary insurance. Id. It was within that equitable context of subrogation that we explained that self-insured retentions are not really "insurance." Id. at 695-96.

This case presents an entirely different issue. It is immaterial whether the self-insured retention itself is "insurance," because it is undisputed that Public Storage owns a primary insurance policy that mandates the self-insured retention. The "other insurance" provision is triggered. It explicitly states that American States is only responsible for losses above both the amount paid by another insurer and the amount of any deductibles or self-insured retentions. It is unreasonable to interpret that provision as requiring coverage in this case. Coverage was not triggered, because

Public Storage's losses were not in excess of its primary insurance and self-insured retention.

Public Storage's extra-contractual claims stem from the alleged failure to disclose coverage and benefits available to Public Storage. Because there were no available benefits, we affirm summary dismissal of those claims. Likewise, we need not consider whether the trial court abused its discretion by denying Public Storage's motion to compel, because Public Storage only sought documents related to the extra-contractual claims. Specifically, American States' interpretation and investigation of coverage. There was no coverage and the extra-contractual claims were properly dismissed.

We affirm.

WE CONCUR:

Appelwick, J.

Becker, J.